UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

**BRIGHTHOUSE LIFE INSURANCE COMPANY OF NY,**

      **Plaintiff,**

v.

**MERYL MOSACK, as Preliminary Executor of THE ESTATE OF JOYCE FABIAN, and NATASHA WOLF,**

      **Defendants.**

Case No. 1:21-cv-06052-PGG

## ORDER

    Upon Joint Motion for Interpleader Relief, and the Court having considered the application of the parties and counsel, and for good cause having been shown;

**IT IS HEREBY ORDERED THAT:**

    (1)    Within twenty-one (21) days of entry of this Order and Brighthouse's receipt of any claims documentation deemed required by the company, Brighthouse shall calculate and distribute to Meltzer, Lippe, Goldstein & Breitstone, LLP, attorneys for Defendant Natasha Wolf, a check made payable to "Meltzer Lippe as Escrow Agent" or otherwise initiate an electronic payment to "Meltzer Lippe as Escrow Agent" that is equal to the death benefits due ("Death Benefit") as a result of the death of Joyce Fabian ("Annuitant") pursuant to Brighthouse variable annuity number 1102112297 ("Annuity")[1];

---

[1] Due to the terms of the Annuity and nature of its underlying investments, the funds are subject to market fluctuation and will be calculated on the date of distribution.

(2)     Meltzer Lippe as Escrow Agent shall deposit said proceeds into the account specified in the escrow agreement entered into by Defendants and maintain the funds pending further direction from the Court;

(3)     Within 7 days of receipt of said funds by Meltzer Lippe as Escrow Agent, Defendants shall file Notice to the Court confirming receipt of the funds and the exact amount received;

(4)     Upon distribution of the Death Benefit, Brighthouse shall be and hereby is discharged from any and all liability to the Defendants and all claims against Brighthouse relating to, or in any way arising out of or in connection with the Death Benefit and/or the Annuity shall be and hereby are dismissed with prejudice;

(5)     Each of the Defendants is hereby permanently enjoined from instituting or prosecuting any claims or actions against Brighthouse in any forum seeking payment of the Death Benefit and/or otherwise in connection with the Annuity;

(6)     Each of the Defendants does hereby release, remise, and forever disclaim all claims, rights, interests and actions that such Defendant might otherwise have held against Brighthouse and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, relating to, or arising out of or in connection with the Death Benefit and/or the Annuity; and

(7)     Brighthouse is hereby dismissed from this action, with prejudice, without fees or costs to any party.

Dated:  December 7, 2021
New York, New York

SO ORDERED.

*Paul G. Gardephe*
_____
Paul G. Gardephe
United States District Judge